UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN 10 PM 1: 46

LORETTA G. WHYTE
CLERK

GRACE ARMANT
and GWEN MORRIS
        Plaintiffs

CIVIL ACTION

VERSUS

NUMBER: **02-1743**

GREG CHAMPAGNE, SHERIFF,
PARISH OF ST. CHARLES, Individually
and in his official capacity, HARRY MOREL,
DISTRICT ATTORNEY, PARISH OF ST.
CHARLES, Individually and in his official capacity,
JOHN DOE, Deputy Sheriffs, Parish of St. Charles,
Individually and in their official capacities,
J. EDWARD DAVID, and XYZ INSURANCE
COMPANY,
        Defendants

SECTION: SECT. I MAG. 1

MAGISTRATE

JURY DEMAND

## COMPLAINT

NOW INTO COURT come Plaintiffs, appearing through undesigned counsel and respectfully represent:

### I. JURISDICTION

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) for causes of action arising under the First and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983, 1985(3), 1986 and1988, and 28 U.S.C. §§ 2201, 2202 and 2283. Supplemental jurisdiction is invoked pursuant to the Constitution and laws of the State of Louisiana, particularly Civil Code arts. 2315 and 2320.

Fee. /50.00
Process
X Dktd
CtRmDep
Doc No.

## II.  NATURE AND CAUSE OF ACTION

2.      This is an action for declaratory and injunctive relief declaring the repeated arrests and prosecution of plaintiffs under the Louisiana disturbing the peace statute, LSA-R.S. 14:103 to be in violation of the Freedom of Speech provision of the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. Section 1983, and enjoining the arrest and prosecution of plaintiffs under said statute or companion ordinance and/or for said reasons.

## III.  PARTIES

3.      Plaintiffs herein are:

        a.      GRACE ARMANT, an African American female person of full age of majority and domiciled in the Parish of St. Charles, state of Louisiana.  She is a the manager of the restaurant of G & G Restaurant Catering/Lounge ("G & G"), which is located at 307 Paul Maillard Road, Luling, Louisiana.  She is the mother of plaintiff, GWEN MORRIS.

        b.      GWEN MORRIS, an African American female  person of full age of majority and domiciled in the Parish of St. Charles, state of Louisiana.  She is a owner and/or operator of G & G Restaurant, which is located in at 307 Paul Maillard Road, Luling, Louisiana. She is the daughter of plaintiff, GRACE ARMANT.

4.      Defendants herein are:

        a.      GREG CHAMPAGNE, sheriff, Parish of St. Charles, state of Louisiana. He is the chief law enforcement officer for the Parish of St. Charles.  He is sued individually and in his official capacity.

b.      HARRY MOREL, district attorney, Parish of St. Charles, state of Louisiana.  He is the chief prosecutor for the Parish of St. Charles.  He is sued individually and in his official capacity.

c.      JOHN DOE, unknown, but identifiable, persons of full age of majority and, at all times relevant hereto, were employed with the St. Charles Parish Sheriff Department. They are sued in both their individual and official capacities.

d.      J. EDWARD DAVID, a Caucasian person of full age of majority and domiciled in the Parish of St. Charles, state of Louisiana.  At all times relevant hereto, he was acting individually and/or in concert with defendants, Greg Champagne, Harry Morel and John Doe.

e.      ABC INSURANCE COMPANY, an insurance company authorized to and presently doing business in the state of Louisiana.  At all times relevant hereto, it was the liability insurance carrier for the St. Charles Parish Sheriff Department..

f.      XYZ INSURANCE COMPANY, an insurance company authorized to and presently doing business in the state of Louisiana.  At all times relevant hereto, it was the liability insurance carrier for Edward David.

## IV.  FACTS

5.      Plaintiffs own, operate and/or manage G & G Restaurant, which is located at 307 Paul Maillard Road, Luling, Louisiana.  G & G Restaurant has been in operation since November 30, 2000.  Plaintiffs own and possess all the required permits and licenses necessary for the operation of said restaurant.

6.      It accordance with its permits, G & G lawfully serves food and alcoholic beverages and provides music a disc jockey a couple of days a week for the entertainment of its customers.

7.      G & G is zoned commercial and, as such, the operation of a restaurant is a permissible use within such commercial zone.

8.      G & G is located in a predominantly Caucasian neighborhood.  However, by custom, and not by design, the majority, but not all, of the patrons are African American.  That fact notwithstanding, G & G seeks customers from the community at large, regardless of race, sex, ethnicity or national origin.

9.      Beginning on August 5, 2001, and continuing through the present, plaintiffs have been the subject of an orchestrated course of conduct by defendants, acting individually and/or in concerted, designed to disrupt, if not ruin totally, the G & G Restaurant.

10.     On August 5, 2001, defendant David filed a complaint with defendant Champagne's office, alleging that loud music was emanating from the G & G Restaurant.  John Doe, pursuant to said complaint, went to the G & G Restaurant and issued a summons to plaintiff Morris, stating she violated LSA-R.S. 14:103, relative to disturbing the peace **("P-1")**.   On August 27, 2001, defendant Morel filed a Bill of Information, charging that plaintiff, "[i]n [v]iolation of L.S.A. R.S. 14:103, did disturb the peace **("P-2").**   On September 18, 2001, plaintiff entered a plea of not guilty.  On August 9, 2002, the " matter was continued without date unless &/or until a violation of the parish ordinance occurs" **("P-3")**

11.     On September 1, 2001, defendant David filed another complaint with defendant Champagne's office, once again complaining about the music allegedly emanating from the G & G Restaurant. John Doe, pursuant to said complaint, issued a summons to plaintiff Armant, stating she violated LSA-R.S. 14:103, relative to disturbing the peace **("P-4")**.  On September 12, 2001, defendant Morel filed a Bill of Information, charging that, on the first day of September, 2001, plaintiff, "[i]n [v]iolation of L.S.A. R.S. 14:103, did disturb the peace **("P-5")**.

12.     Plaintiff Armant's trial was scheduled for February 5, 2002.  Due to her husband's illness, it became necessary for her counsel for file a Motion to Continue Trial. The trial court granted the continuance.  However, in doing so, the court treated plaintiff Armant as though she had already been deemed guilty of the offenses.  In granting the continuance, it issued the following order:

> As an order of this Court and as a condition of release on bond, defendant shall not allow the playing of loud music (ie music can be heard across [Paul Mallard Road) after 10:00 p.m. each night. Violations will subject the defendant to penalties for Contempt of Court.  **("P-6")**

13.     On September 27, 2001, plaintiff Armant was again cited pursuant to a complaint filed by defendant David.  Once again, a summons was issued to her, charging a violation of LSA-R.S. 14:103, relative to disturbing the peace **("P-7")**.  Another Bill of Information was filed by Defendant Morel on October 4, 2001, charging that on the twenty-seventy day of September, 2001, plaintiff, "[i]n [v]iolation of L.S.A. R.S. 14:103, did disturb the peace **("P-8")**.  This matter was consolidated for trial with the Bill of Information issued on September 12, 2001.  It was continued also, subject to the same condition, to wit, that she does not allow the music emanating from the restaurant to be heard across Paul Mallard Road.

14.     On October 26, 2001, John Doe returned to the G & G Restaurant and charged plaintiff with violating LSA-R.S. 14:103, disturbing the peace and disorderly conduct.  Plaintiff, who was 61 years old at the time, and weighed 100 pounds, was also charged with violating LSA-R.S. 14:108, resisting arrest **("P-9")**.  Plaintiff was taken to the St. Charles Parish Correctional Center, where she was booked and required to post bond.

15.     On March 15, 2002, plaintiff Morris was again issued a summons by John Doe, charging her with disturbing the peace, in violation of LSA-R.S. 14:103 **("P-10")**.  A Bill of Information was filed by Defendant Morel, stating that plaintiff "Morris committed the offense of SCPO # 97-2-4 Loud Music Amplification, did play music excessively loud while in a motor vehicle" **("P-11")**.  The Bill of Information was contrary to allegation contained in the summons, which stated that the location of the offense was "303 #4 La.52 Luling La," which is the physical location of G & G Restaurant, not a vehicle.

16.     Plaintiff Armant's trial on the original disturbing the peace and resisting arrest charges commenced on April 8, 2002.  Plaintiff's counsel requested a continuance, due to the unavailability of two key witnesses.  The request was denied.  Plaintiff was found guilty on both counts in a bench trial and sentenced to serve ninety (90) days in the parish prison, which was suspended; she was placed on two years inactive probation, find $100.00 and ordered to pay costs.  The fine was suspended on the special condition that plaintiff not allow music to amply after the hours of 10:00 p.m., or in the immediate parking area, illegal parking and not violate the litter law **("P-12")**.    Plaintiff paid costs totaling $104.50.

17.     On April 26, 2002, plaintiff Morris was issued another summons, charging her with violating LSA-R.S. 14:103.1 (disturbing the peace, excessive loud noise) **("P-13")** and another on May 26, 2002, LSA-R.S. 14:103 (disturbing the peace) **("P-14")**.

18.     In a letter to Defendant Champagne dated May 30, 2002, Defendant Morel referenced the numerous occasions on which plaintiffs were cited for disturbing the peace and requested action from Defendant Champagne in the event of future violations:

> As our office has received numerous complaints about the two individuals for loud music emitting from the restaurant, in the future, please have the subjects arrested and made to post bond when the law is violated. **("P-15")**.

19.     In requesting plaintiffs' arrest solely on a complaint, Defendant Morel was not acting outside the scope of his function as a prosecutor.

20.     Defendant Champagne now has patrol cars parked outside G & G Restaurant, which is designed to, and has had the effect of, frightening and intimidating plaintiffs' customer. Plaintiffs have noticed an appreciable decline in their business.

21.     Defendants have never measured the decibel level of the music coming from G & G Restaurant, to determine whether it is excessively loud.

22.     Plaintiffs have paid for the music level to be measured and, on each occasion, the decibel level has been well within the legal limit.

23.     Located right down the street from G & G Restaurant is Fat Boys Bar, a bar whose client is exclusively Caucasian. It was once sued due to its refusal to allow African Americans to

consume beverages on the premises which were purchased there.  The lawsuit was settled out-of-court.

24.     The music level emanating from Fat Boys far exceeds that emanating from G & G Restaurant.  However, no citations have been issued to the owners and/or operators of Fat Boys.  Further, the patrons are allowed to park illegally without being cited.

25.     Defendants have jointly entered a contract, combination or conspiracy among each other and with certain private citizens with the specific intent to hinder, impair, thwart or otherwise unreasonably and unfairly restrain, disrupt or destroy the operation, business, commerce and trade of G & G Restaurant.

26.     Toward that end, defendants have continuously, consistently and systematically obstructed, interfered with, harassed and/or appreciably thwarted the ability of plaintiffs to own and operate their business as a restaurant in St. Charles Parish.

27.     The defendants have conspired, along with private citizens, to violate plaintiffs' rights of due process and equal protection, through continuously disturbing the peaceful possess and operation of plaintiffs' business through harassing, disturbing and intimidating plaintiffs, as well we the patrons of plaintiffs.

28.     Defendants have conspired, along with private citizens, to repeatedly cite, arrest and prosecute plaintiffs under statutes and/or ordinances which do not govern sound emanating from a restaurant.  The arrests and prosecutions are made in bad faith and/or for harassment without hope of obtaining a valid conviction.

29.     As a direct and proximate result of defendants' actions, plaintiff Armant refrains from going to the restaurant, fearful that she will be arrested and that her probation will be

revoked, requiring her, at the age of 62, to spend 90 days behind bars – sharing a cell with convicted murderers, rapists and thieves.

30.     As a direct and proximate result of defendants' actions, plaintiff Morris is fearful of being repeatedly arrested and required to post bond.

31.     In doing the acts herein complained of; defendants, acting under color of state law, acted intentionally, wilfully and wrongfully to deprive plaintiff of rights secured by the constitution and laws of the United States of America and the State of Louisiana.

32.     At the time of defendants' conduct, it was clearly established in law that defendants could not engage in selective enforcement of the law; could not initiate numerous prosecutions in bad faith and/or for harassment without hope of obtaining a valid conviction; and could not conspire to deprive persons of their constitutional and civil rights, solely because of their race. Defendants knew or should have known that their conduct was in violation of the Constitution and laws of the United States of America and the State of Louisiana.

## V.  FIRST CAUSE OF ACTION:
### VIOLATION OF 42 U.S.C. § 1983 THE FIRST AND FOURTEENTH TO THE UNITED STATES CONSTITUTION

33.     Plaintiffs reallege and reaver all of the allegations contained in paragraphs 1 through 32 of the Complaint.

34.     42 U.S.C. § 1983 prohibits defendants from depriving plaintiffs of "rights, privileges and immunities secured by the Constitution and laws" of the United States.

35.     The First Amendment to the United states Constitution guarantees "freedom of speech."

36.     The First Amendment is applicable to the states pursuant to the Due Process

Clause of the Fourteenth Amendment to the United States Constitution, which  provides that no

State shall "deprive any person of life liberty, or property, without due process of law[.]"

37.     Music is a form of expression and communication pursuant to the First

Amendment.

38.     The First Amendment also protects the use of sound equipment as a form of

expression.  Although this type of expression is subject to reasonable regulation, the statute

and/or ordinance under which defendants have, and continue, to arrest and prosecute plaintiffs,

were not intended to cover music emanating from a restaurant.

39.     Defendants, acting individually, and/or in concert with each other, have repeatedly

arrested and/or caused plaintiffs to be arrested on false allegations and under statutes which do

not proscribe the conduct allegedly engaged in by plaintiffs. Defendants, individually, and/or

collectively, have never conducted a sound test to determine the decibel level of the music

emanating from G & g Restaurant.

40.     Defendants' actions have placed plaintiffs in fear of repeated arrests for exercising

their right of freedom of expression.

41.     Defendants actions are designed to, and have had the affect of, ruining plaintiffs'

business.  Since the commencement of defendants' unconstitutional actions, plaintiffs have

experienced a depreciable decline in the number of patrons and the revenues generated from said

patrons.

## VI.  SECOND CAUSE OF ACTION:
## VIOLATION OF 42 U.S.C. § 1983 THE EQUAL PROTECTION
## CLAUSE OF THE FOURTEENTH AMENDMENT

42.     The Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."

43.      Section 1983 prohibits discrimination under color of state law which violates the equal protection clause.

44.      Defendants, acting individually, and/or in concert, selectively enforced, and continue to enforce, the disturbing the peace statute and/or ordinance against plaintiffs, because of their race.  Fat Boys, a tavern located just up the street from G & G Restaurant, allows music to emanate from its establishment at a level greatly in excess of that emanating from G & G Restaurant.  However, the owner, who is Caucasian, has neither been arrested nor prosecuted.

45.      Defendants selectively enforce the law in a manner which tends to, and does in fact, discriminate against African Americans on the basis of race.

## VII.  THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C.  §§ 1985(3) AND 1986

46.      Section 1985(3) prohibits "two or more persons . . . [from] conspiring for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]"

47.      Section 1986 provides that "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 . . ., are about to be committed, and having power to prevent or aid in preventing the commission of same, neglects or refuses to do

so, if such wrongful act be committed, shall be liable to the party injured . . . by all damages caused by such wrongful act, which such person by diligence could have prevented."

48.     Defendants, acted in concert with each other, harassed plaintiffs, made false allegations regarding the level of the music emanating from the G & G Restaurant, initiated complaints with the St. Charles Parish Sheriff Department, arrested and/or caused plaintiffs to be arrested, and prosecuted and/or cause plaintiffs to be prosecuted, because of their race and/or to prevent them from exercises theirs constitutional and statutory rights, particularly their right of freedom of expression, which is embodied in the First Amendment.

49.     All of the defendants could have prevented, or aided in the prevention of the conspiracy to deprive plaintiffs of their constitutional and civil rights.  Defendant David could have refrained from making false and unfounded allegations; defendants Champagne and John Doe could have refused to arrest plaintiffs based on false and unfounded allegations, and pursuant to an inapplicable statute; and defendant Morel could have refrained from encouraging the arrest of plaintiffs and prosecuting them on false and unfounded allegations, and under a statute known by him to be inapplicable.

VIII.  FOURTH CAUSE OF ACTION
OFFENSES AND QUASI OFFENSES

50.     The acts and conduct of defendants have caused damages to plaintiffs, and accordingly, defendants are obliged, because of their fault, to repair and restore, all in accordance with Louisiana Civil Code Article 2315.

## IX.  FIFTH CAUSE OF ACTION
## DECLARATORY JUDGMENT

51.     Plaintiffs are entitled to declaratory judgment pursuant to 28 U.S.C. § 2201, and

in accordance with Federal Rules of Civil Procedure Rule 57, declaring that the statute and/or

ordinance at issue do not proscribe the conduct resulting in plaintiffs' arrest and prosecution.

Alternatively, the subject statute and/or ordinance are being selectively enforced.

## X.  SIXTH CAUSE OF ACTION
## INJUNCTIVE RELIEF

52.     Plaintiffs have suffered, and will continue to suffer, immediate and irreparable

harm in the event that defendants are allowed to continue to cite, arrest and prosecute plaintiffs

under the statute and/or ordinance at issue.

53.     Accordingly, temporary, preliminary and permanent injunctive relief is hereby

requested pursuant to Federal Rules of Civil Procedure, Rule 65, and in accordance with the

Civil Rights laws of the United States.

## XI.  DAMAGES

54.     The plaintiffs have suffered, or shall suffer, damages, including, but not limited

to, the following: (a) Loss of Business Opportunity, (b) Loss of Profit, (c) Pain, suffering and

humiliation, (d) Litigation fees, costs and related expenses, (e) Interests, (f) Other related

expenses, and (g) Such other and further equitable relief as the Court deems just.

## XII.  ATTORNEY'S FEES

52.     Plaintiffs request, and are entitled to, an award of attorney's fees.

## XIII.  JURY TRIAL

53.     Plaintiffs request a trial by jury as to all issues so triable.

Page -13-

WHEREFORE, Plaintiffs pray that defendants be duly cited to appear and answer this

Complaint; that they be served with a copy of same and that after all legal delays have expired

and due proceedings be had, there be judgment in favor of plaintiffs, and against defendants, for

injunctive and declaratory relief, all damages, attorney's fees and costs of these proceedings,

together with interest and all legal and equitable relief.

Respectfully submitted:

*Ronald L. Wilson*

RONALD L. WILSON (#13575)
210 Baronne Street, Suite 1800
New Orleans, Louisiana 70112
PH:     (504) 525-4361
FAX:   (504) 525-4380
COUNSEL FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GRACE ARMANT                                          CIVIL ACTION
and GWEN MORRIS
    Plaintiffs

VERSUS                                                NUMBER:

GREG CHAMPAGNE, SHERIFF,
PARISH OF ST. CHARLES, Individually                   SECTION:
and in his official capacity, HARRY MOREL,
DISTRICT ATTORNEY, PARISH OF ST.                      MAGISTRATE
CHARLES, Individually and in his official capacity,
JOHN DOE, Deputy Sheriffs, Parish of St. Charles,
Individually and in their official capacities,
EDWARD DAVID, and XYZ INSURANCE
COMPANY,
    Defendants                                    <u>JURY DEMAND</u>

<u>VERIFICATION</u>

BEFORE ME, the undersigned authority, duly commissioned and authorized in and for

the Parish and State aforesaid,

PERSONALLY CAME AND APPEARED:

GRACE ARMANT and GWEN MORRIS,

who, under oath, did depose and state that they have read the attached complaint and that the

facts and information contained therein are true to the best of their knowledge and belief.

_____        _____
GRACE ARMANT                            GWEN MORRIS

Sworn to and before me, Notary, this
9th day of June, 2002.

_____
RONALD L. WILSON
NOTARY PUBLIC

Page -15-

**CHARLES PARISH SHERIFF'S DEPARTMENT**
**29TH JUDICIAL DISTRICT COURT**
**MISDEMEANOR SUMMONS**

ITEM NO. 2001—022739

COMPLAINT AFFIDAVIT

STATE OF LOUISIANA
PARISH OF ST. CHARLES
HAHNVILLE, LA       SOC. SEC. NO. 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

IN THE 29TH JUDICIAL DIST. COURT HAHNVILLE, LOUISIANA THE UNDERSIGNED,
BEING DULY SWORN, UPON HIS OATH DEPOSES AND SAYS:

ON THE 05 DAY OF August, 19 2001, AT 2:01 PM AM

NAME Morris, Gwen, D
           LAST      FIRST      MIDDLE

ADDRESS 440 Rosedale, Destrehan, LA 70047
             STREET        CITY        STATE

PHONE (985)331-2939 DATE OF BIRTH 08-31-56

RACE B SEX F HT. 5'10 WT. 160 HAIR Brown EYES Brown

DRIVER'S LIC. NO. 4305730 STATE LA YEAR 2002

VEHICLE
MAKE N/A MODEL N/A TYPE N/A

LICENSE PLATE NO. N/A YEAR N/A STATE N/A

DID VIOLATE 14:103

RELATIVE TO Disturbing the Peace

AT (LOCATION) G and G Restaurant, 304 Paul Maillard, Luling, LA 70070

THE UNDERSIGNED STATES THAT HE HAS PROBABLE CAUSE TO BELIEVE THAT
THE PERSON NAMED ABOVE COMMITTED THE OFFENSE HEREIN SET FORTH
CONTRARY TO THE FORM OF THE REVISED STATURE OF STATE OF LOUISIANA/
PARISH ORD. PARISH OF ST. CHARLES, STATE OF LOUISIANA. IN SUCH CASE
MADE AND PROVIDED AND AGAINST THE PEACE AND DIGNITY OF THE SAME.

SIGNATURE OF
COMPLAINANT Edward J. Step

In lieu of arrest, I hereby promise to appear in court at the time and place specified above. My
signature does not enter a guilty plea but only promises that I will be present in court at the
specified time.

DEFENDANT'S
SIGNATURE Gwen P Morris

COURT APPEARANCE DATE September 18, 2001 TIME 10:00
                                    DIV E

29TH JUDICIAL DISTRICT COURT
ST. CHARLES PARISH COURTHOUSE
RIVER ROAD, HAHNVILLE, LA

OFFICER'S
SIGNATURE Dy. Roan Samp

NAME
OF COMPLAINANT David, J. Edward

ADDRESS
OF COMPLAINANT 310 Paul Maillard Rd, Luling, LA 70070

PHONE
NUMBER (985)85-1430

Officer's detailed report to be written on the rear of the Complaint - Affidavit (white)

COURT COPY

№ 008888



8-5-01

## Witnesses for the State

By: Roanne Sampson, SCSO

Lt. D. Kinler, SCSO

Edward David
310 Paul Maillard Road
Luling, LA 70070

---

Filed

'11 AUG 27 fri 1-30

*UTY*

*(signature)* Dy. Clerk

FILED
RD
RT
SD 20

No. **65901**

## THE STATE OF LOUISIANA

VS.

Gwen D. Morris, N/F

SS# 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  DOB 8-31-56

440 Rosedale

Destrehan, LA 70047

## INFORMATION FOR

Disturbing the Peace

R.S. 14:103

**HARRY J. MOREL, JR.,**
DISTRICT ATTORNEY

---

| R Thumb | R Index | R Middle | R Ring | R Little |
|---|---|---|---|---|
| | | | | |
| L Thumb | L Index | L Middle | L. Ring | L Little |
| | | | | |

I hereby certify that the above and foregoing fingerprints on this bill are the fingerprints of the defendant, _____
_____ and that they were placed thereon by said defendant this _____ day of
_____, 20_____.

PLAINTIFF'S
EXHIBIT
**P-2**

Deputy Sheriff

**CASE NO.**
**65901**

**DATE**

SEP 1 8 2001

NOV  6 2001

Jan. 8, 2002

APR  9 2002

STATE OF LA. VS. GWEN D. MORRIS

DISTURBING/PEACE

**COURT MINUTES**

E

Arr. set 9/18/01

NOT GUILTY PLEA ENTERED   **ORAL NOTICE GIVEN**
SET FOR TRIAL 11-6-01

Trial reset 1-8-02.   **ORAL NOTICE GIVEN**

ACCUSED PRESENT IN COURT
WITH COUNSEL Anderson Council
Motion to Quash is filed by Mr. Council & is argued on by counsel. Court finds there are factual questions, therefore will deny the Motion to Quash. Mr. Council's objection to the Court's ruling is noted & Mr. Council will submit the matter on the police reports. Trial set 4-9-02 @ 9   **ORAL NOTICE GIVEN**

ACCUSED PRESENT IN COURT
WITH COUNSEL Anderson Council
State will continue this matter without date unless &/or until a violation of the parish ordinance occurs.

**PLAINTIFF'S EXHIBIT P-3**

# ST. CHARLES PARISH SHERIFF'S DEPARTMENT
## 29TH JUDICIAL DISTRICT COURT
## MISDEMEANOR SUMMONS

ITEM NO. __I·00002-01__

COMPLAINT AFFIDAVIT

STATE OF LOUISIANA
PARISH OF ST. CHARLES
HAHNVILLE, LA          SOC. SEC. NO. __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__

IN THE 29TH JUDICIAL DIST. COURT HAHNVILLE, LOUISIANA THE UNDERSIGNED, BEING DULY SWORN, UPON HIS OATH DEPOSES AND SAYS:

ON THE __01__ DAY OF __Sep__, 19 __300l__, AT __0100__ AM

NAME __Armant__    __Grace__
     LAST        FIRST        MIDDLE

ADDRESS __421 Turtle Creek Ln, St. Rose__
        STREET         CITY        STATE

PHONE __504-468-3567__ DATE OF BIRTH __7-30-39__

RACE __B__ SEX __F__ HT. __509__ WT. __151__ HAIR __Blk__ EYES __Brd__

DRIVER'S LIC. NO. __1731457__ STATE __La__ YEAR __03__

VEHICLE
MAKE _____ MODEL __A__ TYPE _____

LICENSE PLATE NO. __N/A__ YEAR _____ STATE _____

DID VIOLATE __R.S. 14:103__

RELATIVE TO __Disturbing the Peace__

AT (LOCATION) __307 Paul Maillard, Lulings, La, 70070__

THE UNDERSIGNED STATES THAT HE HAS PROBABLE CAUSE TO BELIEVE THAT THE PERSON NAMED ABOVE COMMITTED THE OFFENSE HEREIN SET FORTH CONTRARY TO THE FORM OF THE REVISED STATURE OF STATE OF LOUISIANA/ PARISH ORD. PARISH OF ST. CHARLES, STATE OF LOUISIANA. IN SUCH CASE MADE AND PROVIDED AND AGAINST THE PEACE AND DIGNITY OF THE SAME.

SIGNATURE OF
COMPLAINANT X _(signature)_

In lieu of arrest, I hereby promise to appear in court at the time and place specified above. My signature does not enter a guilty plea but only promises that I will be present in court at the specified time.

DEFENDANT'S
SIGNATURE __Grace Armant__

COURT APPEARANCE DATE __10-14-01__ TIME __1000 A__

29TH JUDICIAL DISTRICT COURT DIVISION __D__
ST CHARLES PARISH COURTHOUSE
RIVER ROAD, HAHNVILLE, LA.

OFFICER'S
SIGNATURE __(signature)__

NAME
OF COMPLAINANT __Daud, Edward, Jr__

ADDRESS
OF COMPLAINANT __310 Paul Maillard, Lulings/S__

PHONE
NUMBER __785-785-1430__

Officer's detailed report to be written on the rear of the Complaint - Affidavit (white)

№ 008889

COURT COPY


PLAINTIFF'S
EXHIBIT
P-4

Parish of St. Charles

# THE STATE OF LOUISIANA }

} SS.

Twenty-Ninth Judicial District

## Twenty-Ninth Judicial District Court

**HARRY J. MOREL, JR.,** District Attorney, of the Twenty-Ninth Judicial District of the State of Louisiana, who, in the name and by the authority of the said State, prosecutes in its behalf, in proper person comes into the Twenty-Ninth Judicial District Court of the State of Louisiana, in and for the PARISH OF ST. CHARLES and gives the said court here to understand and be informed that one

Grace Armant

late of the Parish aforesaid, on or about the ___first (1st)___ day of ___September___ in the year of our Lord Two Thousand and ___one (2001)___ with force and arms, in the Parish aforesaid, and within the jurisdiction of the Twenty-Ninth Judicial District Court of Louisiana, in and for the Parish aforesaid, then and there being

In violation of L.R.S. 14:103, did disturb the peace;



PLAINTIFF'S EXHIBIT
P-5

contrary to the form of the Statute of the State of Louisiana, in such case made and provided, and against the peace and dignity of the State.

Asst District Attorney of the Twenty-Ninth Judicial District

CASE NO.        STATE OF LA. VS.  GRACE ARMANT

**66001**      DISTURBING/PEACE

COURT MINUTES                    DIV. **D**

DATE

ARR. SET 10/15/01

10ßa    *Arraignment continued 1-10-02, per ADA McElwee.*

Jan. 8, 2002
"E"           *Anderson Council*
        *Motion to Quash filed in open Court.*

**JANUARY 10, 2002**
**ARMANT, GRACE**
**66001   DISTURBING THE PEACE**
ARRAIGNMENT: Defendant present with attorney, Anderson Council.
Reading of the Bill of Information is waived; plea of not guilty entered.
Counsel given ten days to file pleadings.
Motions and Trial set for February 5, 2002.  Oral notice given.

Jan 15, 2002   *Motion to quash set for 2/5/02 at 10:00 A.M.*

Feb. 5, 2002   *Order As an Order of the Court and as a
        condition of release on bond defendant should
        not allow the playing of loud music
        (ie music can be heard across Paul Mallard
        Road) after 10:00 P.M. each night.
        Violations will subject the defendant to penalties
        for Contempt of Court.*

FEB - 5 2002   *Trial continued to 4-8-02.*

**APRIL 8, 2002**
**ARMANT, GRACE**
**66001  DISTRUBING THE PEACE**
**66162  DISTURBING THE PEACE**
MOTIONS AND TRIAL: Defendant present with attorney, Anderson Council.
Continued without date, per ADA Starr.

PLAINTIFF'S
EXHIBIT
**P-6**

ST. CHARLES PARISH SHERIFF'S DEPARTMENT
29TH JUDICIAL DISTRICT COURT
MISDEMEANOR SUMMONS

ITEM NO. I-02709-01

COMPLAINT AFFIDAVIT

STATE OF LOUISIANA
PARISH OF ST. CHARLES
HAHNVILLE, LA                SOC. SEC. NO. 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

IN THE 29TH JUDICIAL DIST. COURT HAHNVILLE, LOUISIANA THE UNDERSIGNED, BEING DULY SWORN, UPON HIS OATH DEPOSES AND SAYS:

ON THE 27 DAY OF Sept. 2001 AT 2355 P.M.

NAME Armant , Grace
     LAST      FIRST      MIDDLE

ADDRESS 421 Turtle Creek  St. Rose, LA
        STREET    CITY        STATE

PHONE 468-3967 DATE OF BIRTH 9-30-39

RACE B SEX F HT. 5'2 WT. 135 HAIR BLK EYES BRO

DRIVER'S LIC. NO. 1731457 STATE LA YEAR 03

VEHICLE
MAKE X MODEL X TYPE X

LICENSE PLATE NO. X YEAR X STATE X

DID VIOLATE 14:103

RELATIVE TO Disturbing the Peace

AT (LOCATION) 307 Paul Mallard Luling, LA

THE UNDERSIGNED STATES THAT HE HAS PROBABLE CAUSE TO BELIEVE THAT THE PERSON NAMED ABOVE COMMITTED THE OFFENSE HEREIN SET FORTH CONTRARY TO THE FORM OF THE REVISED STATURE OF STATE OF LOUISIANA/ PARISH ORD. PARISH OF ST. CHARLES, STATE OF LOUISIANA. IN SUCH CASE MADE AND PROVIDED AND AGAINST THE PEACE AND DIGNITY OF THE SAME.

SIGNATURE OF
COMPLAINANT X

In lieu of arrest, I hereby promise to appear in court at the time and place specified above. My signature does not enter a guilty plea but only promises that I will be present in court at the specified time.

DEFENDANT'S
SIGNATURE X

COURT APPEARANCE DATE Oct. 22, 2001 TIME 1000 AM
                      Div. D.

29TH JUDICIAL DISTRICT COURT
ST. CHARLES PARISH COURTHOUSE
RIVER ROAD. HAHNVILLE, LA

OFFICER'S
SIGNATURE

NAME
OF COMPLAINANT David, Edward

ADDRESS
OF COMPLAINANT 310 Paul Mallard Luling, LA

PHONE
NUMBER 785-1430

Officer's detailed report to be written on the rear of the Complaint - Affidavit (white)

COURT COPY

№ 008594


PLAINTIFF'S
EXHIBIT
P-7

# THE STATE OF LOUISIANA

Twenty-Ninth Judicial District

} SS.

Parish of St Charles

## Twenty-Ninth Judicial District Court

**HARRY J. MOREL, JR.,** District Attorney, of the Twenty-Ninth Judicial District of the State of Louisiana, who, in the name and by the authority of the said State, prosecutes in its behalf, in proper person comes into the Twenty-Ninth Judicial District Court of the State of Louisiana, in and for the PARISH OF ST. CHARLES and gives the said court here to understand and be informed that one

Grace Armant

_____

_____

_____

_____

_____

late of the Parish aforesaid, on or about the ___twenty-seventh (27th)___ day of ___September,___ in the year of our Lord Two Thousand and __one (2001)__ with force and arms, in the Parish aforesaid, and within the jurisdiction of the Twenty-Ninth Judicial District Court of Louisiana, in and for the Parish aforesaid, then and there being

In violation of L.R.S. # 14:103, did Disturb the Peace by playing loud music;



contrary to the form of the Statute of the State of Louisiana, in such case made and provided, and against the peace and dignity of the State.

District Attorney of the Twenty-Ninth Judicial District



# ST. CHARLES PARISH SHERIFF'S DEPARTMENT
## FIELD ARREST REPORT

| S.C.S.D Incident Number: 1 | Date and Time of Arrest: 2 | 2 B of 1 Number: 3 |
|---|---|---|
| J-002780-01 | 10-26-01   2353 | |
| Arrest Number: 4 | Arrest Transaction Number (ATN): 5 | State Identification Number: 6 |

| Arrest Location: 7. | Booking Location: | 8. Does This Arrest Clear Other Cases? 9 |
|---|---|---|
| PAUL MALLARD AND LULING AVE LULING LA. | S.C.C.C. | ☐ Yes ☒ No |

| Offender 10. | Arrester: (Last Name, First, Middle) | 11. Sex: ☐ Male ☒ Female 12. | Date of Birth: 9-30-39 13. | Age: 62 14 |
|---|---|---|---|---|
| # | ARMANT, GRACE   M. | | | |

| Arrester's Address: 15. | | Race: ☐ White B ☒ Black ☐ Indian A ☐ Asian U ☐ Unknown 16 |
|---|---|---|
| 421 TURTLE CREEK RD. | | |

| Height: 5 Feet 5 Inches 17 | Weight: 100 18. | Eyes: BRN 19. | Hair: BLK 20. | Social Security Number: UNKNOWN | Driver's License/ID Card/State: UNKNOWN LOUISIANA 22 |
|---|---|---|---|---|---|
| Ethnicity: H ☐ Hispanic N ☒ Non-Hispanic U ☐ Unknown 23 | | Resident Status: R ☒ Resident N ☐ Non-Resident U ☐ Unknown 24 | | | Place of Birth: LOUISIANA 25 |

| Employment/Occupation/School/Grade: SELF EMPLOYED 26. | Home Phone Number: 468-3960 27. | Work Phone Number: 331-2432 28. | Affiliation: 29 |
|---|---|---|---|
| Alias Name(s) 30. | Identifiers: NONE | | 31 |
| X | | | |

| Sobriety: 32. ☐ Sober ☐ Intoxicated ☐ Drugs ☒ HBD ☐ Unknown | Transported By: 33. C. OLEUFR | Rights Advised By: 34. C. OLEUFR | Rights Waived? ☐ Yes ☒ No 35. | Statement: ☐ Oral ☐ Written ☐ Taped ☒ N/A 36. | Charges ☐ Admitted ☒ Denied 37 |
|---|---|---|---|---|---|
| Describe Injury, Illness, Condition of Arrestee: GOOD CONDITION 38. | | | Transported By: 39. | Doctor / Coroner Notified 40 | |
| If Intoxicated, Describe To What Percentage: 41. | | Intoxicizer Number: 42. | | Per Examiner: 43 | |

| Charges: LRS# or P.O. # 44 | Attempt / Complete 45. | Charge Description 46 |
|---|---|---|
| 1. LA. R.S. 14:103 | 1. ☐ A ☒ C | 1. DISTURBING THE PEACE AND DISORDERLY CONDUCT |
| 2. LA. R.S. 14:108 | 2. ☐ A ☒ C | 2. RESISTING ARREST BY AN OFFICER |
| 3. | 3. ☐ A ☐ C | 3. |
| 4. | 4. ☐ A ☐ C | 4. |
| 5. | 5. ☐ A ☐ C | 5. |
| 6. | 6. ☐ A ☐ C | 6. |

| Arrestee Was Armed With: (Enter "A" if Assistant) (Check All That Apply) 47. | Type of Arrest: 48. | Disposition of Juvenile Arrest: |
|---|---|---|
| 01 ☒ Unarmed   14 ☐ Shotgun | O ☒ On View | H ☐ Handled within Department |
| 11 ☐ Firearm   15 ☐ Other Firearm | S ☐ Summoned/Cited | J ☐ Referred to Juv. Court or Probation Dept. |
| (Type Not Stated) 16 ☐ Lethal Cutting Instrument | T ☐ Taken Into Custody | W ☐ Referred to Welfare Agency |
| 12 ☐ Handgun   (e.g. Switchblade Knife, etc.) | W/ Warrant of Arrest | P ☐ Referred to Other Police Agency |
| 13 ☐ Rifle   17 ☐ Club/Blackjack/Brass Knuckles | | A ☐ Referred to Criminal or Adult Court |

| Juvenile Parent / Guardian Notified: 50. ☐ Yes ☐ No | Name/Relationship of Person Notified: 51. | Date/Time Notified: 52. | Notified By: 53 |
|---|---|---|---|
| Father's Name | Address: | Home Phone Number 54 | |
| Father's Employer | Address: | Work Phone Number 55 | |
| Mother's Name OCT 20 | Address: | Home Phone Number 56 | |
| Mother's Employer | Address: | Work Phone Number 57 | |

| If Arrested in Vehicle: Year: ___ Make: ___ | Model: ___ | Color: ___ 58 |
|---|---|---|
| License State: ___ License Number: ___ | Disposition: ___ | |

| ☒ Victim ☐ Witness (Last Name, First, Middle): 59. | Address: | 60. Phone: |
|---|---|---|
| ELMORE, DANNY | 5314 N. RAMPART NEW ORLEANS LA. | 945-1996 |
| ☒ Victim ☐ Witness (Last Name, First, Middle): 61. | Address: | 62. Phone: |
| SIMS, KENNETH | 6914 ABBINGTON NEW ORLEANS LA. | 443-5119 |

**Probable Cause Affidavit** BEFORE ME THE UNDERSIGNED AUTHORITY PERSONALLY CAME AND APPEARED, THE UNDERSIGNED, WHO AFTER BEING DULY SWORN STATED AS FOLLOWS:

THE ABOVE DEFENDANT WAS STANDING IN THE STREET AT A LATE HOUR OF THE NIGHT YELLING AT THE REPORTING DEPUTY. THE DEFENDANT WAS ASKED BY THE REPORTING DEPUTY TO CALM DOWN AND SHE REFUSED. THE DEFENDANT CONTINUED TO USE VULGAR LANGUAGE AND CONTINUED TO YELL; THE DEPUTY ASKED HER A SECOND TIME TO CALM DOWN AND SHE AGAIN REFUSED. THE DEPUTY THEN TOLD THE DEFENDANT THAT SHE WAS UNDER ARREST AND THE DEFENDANT PUSHED AWAY FROM THE DEPUTY. A BRIEF STRUGGLE ENSUED AND THE DEFENDANT WAS HANDCUFFED WITH NO INJURY TO THE DEPUTY OR TO HERSELF. THE DEFENDANT STILL TRIED TO STRUGGLE BUT WAS TRANSPORTED TO THE LOCKUP WITHOUT FURTHER INCIDENT.

| SWORN TO AND SUBSCRIBED BEFORE ME THIS _____ DAY OF _____ | 66 |
|---|---|
| | EX-OFFICIO NOTARY PUBLIC |

PLAINTIFF'S EXHIBIT P-9

| Arresting Officer's Name (Print): 67. C. OLEUFR | I.D. #: 68. 1089 | Car #: 69. 104C | Arresting Officer's Signature: Christopher Ol. | Supervisor's Initials 71 |
|---|---|---|---|---|

ST. CHARLES PARISH SHERIFF'S DEPARTMENT
29TH JUDICIAL DISTRICT COURT
MISDEMEANOR SUMMONS

ITEM NO. _C-01421-02_

COMPLAINT AFFIDAVIT

STATE OF LOUISIANA
PARISH OF ST. CHARLES
HAHNVILLE, LA          SOC. SEC. NO. _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_

IN THE 29TH JUDICIAL DIST. COURT HAHNVILLE, LOUISIANA THE UNDERSIGNED, BEING DULY SWORN, UPON HIS OATH DEPOSES AND SAYS:

ON THE _15th_ DAY OF _March_ _2002_ AT _1245_ A.M.—P.M.

NAME _Morris_ _Gwen_ _P_
        LAST      FIRST     MIDDLE

ADDRESS _440 Rosedale Dr._ _Destrehan_ _La_
         STREET            CITY          STATE

PHONE _764-6048_ DATE OF BIRTH _08-31-56_

RACE _B_ SEX _F_ HT. _500_ WT. _160_ HAIR _Red_ EYES _Brn_

DRIVER'S LIC. NO. _____ STATE _____ YEAR _____

VEHICLE
MAKE _____ MODEL _____ TYPE _____

LICENSE PLATE NO. _____ YEAR _____ STATE _____

DID VIOLATE _La RS. 14:103_

RELATIVE TO _Disturbing the Peace_

AT (LOCATION) _303 #4 La 52 Luling La_

THE UNDERSIGNED STATES THAT HE HAS PROBABLE CAUSE TO BELIEVE THAT THE PERSON NAMED ABOVE COMMITTED THE OFFENSE HEREIN SET FORTH CONTRARY TO THE FORM OF THE REVISED STATUTE OF STATE OF LOUISIANA/ PARISH ORD. PARISH OF ST. CHARLES, STATE OF LOUISIANA. IN SUCH CASE MADE AND PROVIDED AND AGAINST THE PEACE AND DIGNITY OF THE SAME.

SIGNATURE OF
COMPLAINANT X _Betty P. Green_        MAR 1 5 2002

In lieu of arrest, I hereby promise to appear in court at the time and place specified above. My signature does not enter a guilty plea but only promises that I will be present in court at the specified time.

DEFENDANT'S
SIGNATURE X _Gwen P. Morris_

COURT APPEARANCE DATE _April 8, 2002_ DAY _Mon_ TIME _10:00 am_

29TH JUDICIAL DISTRICT COURT
ST. CHARLES PARISH COURTHOUSE
RIVER ROAD, HAHNVILLE, LA

OFFICER'S
SIGNATURE _____ #58

NAME
OF COMPLAINANT _Betty Green_

ADDRESS
OF COMPLAINANT _303 Apt #4 Luling La_

PHONE
NUMBER _(985) 785-5387_

Officer's detailed report to be written on the rear of the Complaint - Affidavit (white)

№ 008279                    COURT COPY



# THE TWENTY-NINTH JUDICIAL DISTRICT COURT
## FOR THE PARISH OF ST. CHARLES

### STATE OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA | FILED: |
| VERSUS NO. **67125** | Deputy Clerk of Court |
| **GWEN MORRIS**<br>440 ROSEDALE<br>DESTREHAN, LA. 70047<br>DOB: 08/31/1956 | DIVISION: E |
| | Agency Case No. C-01420-02 |

### *BILL OF INFORMATION*

LOUD MUSIC AMPLIFICATION, La. SCPO #97-2-4

**HARRY J. MOREL, JR., DISTRICT ATTORNEY for the Twenty-ninth Judicial District, Parish of ST. CHARLES, State of Louisiana, charges that ON OR ABOUT MARCH 15, 2002, IN THE PARISH OF ST. CHARLES, GWEN MORRIS committed the offense of**

SCPO # 97-2-4 Loud Music Amplification, did play music excessively loud while in a motor vehicle;

contrary to the law of the State of Louisiana and against the peace and dignity of the same.

**HARRY J. MOREL, JR.**

**DISTRICT ATTORNEY**

BY:   **Assistant District Attorney**

**Twenty-ninth Judicial District**

**State of Louisiana**


PLAINTIFF'S EXHIBIT P-11

```
                              Party Docket
Case          01 MS    066348    Case Party 0001        Microfilm Roll         Fr
Type/Desc   DIST/PEACE                                            Filing Type
Filing      11/07/01  Motion Hearing                     Open Warrants     O
Judge Code        D          Arraignment                     Speedy Trial    O
Jury Trial?       N             Trial 04/08/02                Continuance     O
Dist Attorney               Last Trans 04/08/02                 Counter C    O
Last Status         . . . . . . . . . . . . .on 04/08/02    Amount         .00
---------------------------------------------------------------------------------
Party Name       30933-ARMANT, GRACE              P/D D       Firm Code N
                 421 TURTLECREEK
                 ST. ROSE, LA.,
                 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                                       09/30/3ᶜ
Attorney Name    51099-                           Ready? N              F
--Date------Actions-----------------------------------------------Amounts--
11/12/01 ARR. SET 11/26/01
11/26/01 PLEA OF NOT GUILTY ENTERED. TRIAL SER
         1/7/02. ORAL NOTICE GIVEN.
01/10/02 DEFENDANT PRESENT WITH ATTORNEY,
         ANDERSON COUCIL.  MOTIONS AND TRIAL
         SET 2-5-02. ORAL NOTICE GIVEN.
02/05/02 ORDER: AS  AN ORDER OF THE COURT AND
         AS A CONDITION OF RELEASE ON BOND
         DEFENDANT SHALL NOT ALLOW THE PLAYING
         OF LOUD MUSIC (IE MUSIC CAN BE
         HEARD, ACROSS PAUL MALLARD ROAD
         AFTER 10:00 P.M EACH NIGHT
         VIOLATIONS WILL SUBJECT THE DEFENDANT
         TO PENALTIES FOR CONTEMPT OF COURT
         TRIAL CONTINUED TO 4/8/02.
04/08/02 DEFENDANT PRESENT WITH ATTORNEY,
         ANDERSON COUNCIL.  DEPUTY OLIVER, SCSO
         SWORN AND EXAMINED BY ADA STARR.
         MR COUNCIL REQUESTS THAT WITNESSES BE
         SEQUESTERED.  GRANTED.  COURT ORDERS
         ALL WITNESSES SEQUESTERED.  MR COUNCIL
         REQUESTS A CONTINUANCE UNTIL HIS
         WITNESSES CAN BE RE-SUBPOENAED. DENIED.
         REASONS STATED IN OPEN COURT.
         GRACE ARMANT, SWORN AND EXAMINED BY
         MR COUNCIL.  COURT RECESSES.  COURT
         RESUMES.  BAILIFF CALLS DEFENSE WITNESS
         FOR A THIRD TIME. NO ANSWER.
         CONTINUANCE REQUESTED BY MR COUNCIL
         IS DENIED.  COURT FINDS DEFENDANT
         GUILTY ON BOTH CHARGES.  OBJECTION BY
         BY MR COUNCIL. NOTED. BENCH CONFERENCE
         HELD.  SENTENCED TO NINETY DAYS IN
         PARISH PRISON, SUSP; PLACED ON TWO
         YEARS INACTIVE PROATION; FINED $100.
         PLUS COSTS, FINE SUSPENDED (ON
         CONDITION DEFENDANT COMPLY WITH SPECIAL
         CONDITIONS), PAY COSTS OF COURT ONLY.
         DEFERRED 5-8-02.  SPECIAL CONDITION:
         DO NOT ALLOW MUSIC TO AMPLIFY AFTER THE
         HOURS OF 10:00 PM OR IN THE IMMEDIATE
```

PLAINTIFF'S
EXHIBIT
P-12
tabbies

**ST. CHARLES PARISH SHERIFF'S DEPARTMENT**
**29TH JUDICIAL DISTRICT COURT**
**MISDEMEANOR SUMMONS**

ITEM NO. _D - 2015 - 62_

COMPLAINT AFFIDAVIT

STATE OF LOUISIANA
PARISH OF ST. CHARLES
HAHNVILLE, LA                    SOC. SEC. NO. _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_

IN THE 29TH JUDICIAL DIST. COURT HAHNVILLE, LOUISIANA THE UNDERSIGNED,
BEING DULY SWORN, UPON HIS OATH DEPOSES AND SAYS:

ON THE _26TH_ DAY OF _APRIL_ , _2002_ , AT _2:15_ /_A.M._P.M.

NAME _Boudt, Elaine_ _____
_____LAST_____FIRST_____MIDDLE

ADDRESS _442 W. Scan Dr._ _____ _LA._
_____STREET_____CITY_____STATE

PHONE _331-2939_ DATE OF BIRTH _8-31-56_

RACE _C_ SEX _F_ HT. _50_ WT. _140_ HAIR _BRN_ EYES _BRN_

DRIVER'S LIC. NO. _0147X5730_ STATE _LA_ YEAR _02_

VEHICLE
MAKE _N/A_ MODEL _N/A_ TYPE _N/A_

LICENSE PLATE NO. _N/A_ YEAR _N/A_ STATE _N/A_

DID VIOLATE _14:103.1_

RELATIVE TO _Disturbing the Peace, Excessive Loud Noise_
_____

AT (LOCATION) _107 Pear Orchard Rd. Luling_

THE UNDERSIGNED STATES THAT HE HAS PROBABLE CAUSE TO BELIEVE THAT
THE PERSON NAMED ABOVE COMMITTED THE OFFENSE HEREIN SET FORTH
CONTRARY TO THE FORM OF THE REVISED STATURE OF STATE OF LOUISIANA/
PARISH ORD. PARISH OF ST. CHARLES, STATE OF LOUISIANA. IN SUCH CASE
MADE AND PROVIDED AND AGAINST THE PEACE AND DIGNITY OF THE SAME.

SIGNATURE OF
COMPLAINANT _____

In lieu of arrest, I hereby promise to appear in court at the time and place specified above. My
signature does not enter a guilty plea but only promises that I will be present in court at the
specified time.

DEFENDANT'S X
SIGNATURE _____

COURT APPEARANCE DATE _MAY 20TH 2002_ TIME _10:00_
_DIV. C_

29TH JUDICIAL DISTRICT COURT
ST. CHARLES PARISH COURTHOUSE
RIVER ROAD, HAHNVILLE, LA

OFFICER'S
SIGNATURE _____

NAME
OF COMPLAINANT _____

ADDRESS
OF COMPLAINANT _____

PHONE
NUMBER _____

Officer's detailed report to be written on the rear of the Complaint - Affidavit (white)

008719                    COPY: DEFENDANT

PLAINTIFF'S
EXHIBIT
P-13

# ST. CHARLES PARISH SHERIFF'S DEPARTMENT
## 29TH JUDICIAL DISTRICT COURT
### MISDEMEANOR SUMMONS

ITEM NO. E-02714-02

COMPLAINT AFFIDAVIT

STATE OF LOUISIANA
PARISH OF ST. CHARLES
HAHNVILLE, LA

SOC. SEC. NO. 435 64 5073

IN THE 29TH JUDICIAL DIST. COURT HAHNVILLE, LOUISIANA THE UNDERSIGNED, BEING DULY SWORN, UPON HIS OATH DEPOSES AND SAYS:

ON THE 26 DAY OF MAY, 20 02, AT 23 40 P.M.

NAME Morris, Glen

LAST / FIRST / MIDDLE

ADDRESS 367 Paul Mallard Luling LA

STREET / CITY / STATE

PHONE 771-2972 DATE OF BIRTH 03-31-56

RACE B SEX F HT. 5'0" WT. 18 HAIR BLN EYES BRN

DRIVER'S LIC. NO. 004305730 STATE LA YEAR 202

VEHICLE MAKE N/A MODEL N/A TYPE N/A

LICENSE PLATE NO. N/A YEAR N/A STATE N/A

DID VIOLATE Disturbing the Peace

RELATIVE TO 14:103

AT (LOCATION) 367 Paul Mallard Rd Luling LA

THE UNDERSIGNED STATES THAT HE HAS PROBABLE CAUSE TO BELIEVE THAT THE PERSON NAMED ABOVE COMMITTED THE OFFENSE HEREIN SET FORTH CONTRARY TO THE FORM OF THE REVISED STATUTE OF STATE OF LOUISIANA/ PARISH ORD. PARISH OF ST. CHARLES, STATE OF LOUISIANA. IN SUCH CASE MADE AND PROVIDED AND AGAINST THE PEACE AND DIGNITY OF THE SAME.

SIGNATURE OF COMPLAINANT

In lieu of arrest, I hereby promise to appear in court at the time and place specified above. My signature does not enter a guilty plea but only promises that I will be present in court at the specified time.

DEFENDANT'S SIGNATURE

COURT APPEARANCE DATE 06-10-02 "D" TIME 10:00 AM

29TH JUDICIAL DISTRICT COURT
ST. CHARLES PARISH COURTHOUSE
RIVER ROAD, HAHNVILLE, LA

Steven Stewart

OFFICER'S SIGNATURE Dy. Kevin Gilbert

NAME OF COMPLAINANT

ADDRESS OF COMPLAINANT

PHONE NUMBER

Officer's detailed report to be written on the rear of the Complaint - Affidavit (white)

No 009486 COPY: DEFENDANT



985-351-1205

783-3211



**Harry J. Morel, Jr.**
DISTRICT ATTORNEY
**Twenty-Ninth Judicial District**
ST. CHARLES PARISH

May 30, 2002

P.O. BOX 680
HAHNVILLE, LOUISIANA 70057

(504) 783-6263
(504) 466-6448

RECEIVED
MAY 31 2002

Sheriff Greg Champagne
P.O. Box 426
Hahnville, LA  70057

Dear ~~Sheriff Champagne:~~ Greg

    Enclosed please find a list of the incidents reported to the St. Charles Sheriff's Office in reference to Grace Armant and Gwen Morris, co-owners of G & G Restaurant:

Grace Armant:

1. 9/1/01       Cited for Disturbing the Peace
2. 9/27/01      Cited for Disturbing the Peace
3. 10/26/01     Cited for Disturbing the Peace

Gwen Morris:

1. 8/5/01       Cited for Disturbing the Peace
2. 3/15/02      Cited for Loud Music Amplification
3. 4/26/02      Cited for Disturbing the Peace
4. 5/10/02      Cited for Disturbing the Peace
5. 5/10/02      Cited for Disturbing the Peace
6. 5/26/02      Cited for Disturbing the Peace.

    As our office has received numerous complaints about the two individuals for loud music emitting from the restaurant, in the future, please have the subjects arrested and made to post bond when the law is violated.

    Thank you for your cooperation in this matter.

                              Sincerely,



                              HARRY J. MOREL, JR.
                              DISTRICT ATTORNEY

cc: Grace Armant